**Amarjeet Singh JANDU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73023.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 21, 2005.

Jeffrey Martins, Law Office of Jeffrey Martins, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Alexander R. Dahl, Esq., Office of the U.S. Attorney, Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Amarjeet Singh Jandu, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his applications

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA affirmed without opinion, we review the IJ's decision. *Li v. Ashcroft,* 378 F.3d 959, 961 (9th Cir.2004). Reviewing the IJ's adverse credibility determination for substantial evidence, *He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003), we grant the petition for review and remand for further proceedings.

Substantial evidence does not support the IJ's determination that Jandu was not credible. Neither the IJ nor the government's counsel questioned Jandu in any detail about his travels in and out of India or his ability to obtain either a passport or a police clearance stamp. Thus, the IJ failed to provide Jandu with a reasonable opportunity to address the perceived inconsistencies, *see Chen v. Ashcroft,* 362 F.3d 611, 617–18 (9th Cir.2004), and Jandu's testimony must be deemed credible, *see Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

We therefore remand to the BIA for a determination whether, accepting Jandu's testimony as true, he is eligible for asylum, withholding of removal, and relief under the CAT. *See INS v. Ventura,* 537 U.S. 12, 15–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.